148

THE STATE OF OHIO, APPELLEE, *v.* MADGETT ET AL.,
APPELLANTS.

[Cite as State v. Madgett (1970), 22 Ohio St. 2d 148.]

(No. 69-494—Decided May 13, 1970.)

150

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Albin Lipold,* for appellee.

*Mr. Bruce Herzbrun,* for appellants.

*Per Curiam.* Appellants argue that the trial court erred in overruling their motion to suppress because the search of the car at the police station was not incidental to a lawful arrest. There is no dispute that the arrest of Morales was lawful. Appellants argue that the search of the car without a warrant was violative of the Fourth and Fourteenth Amendments to the United States Constitution because it was not incident to and contemporaneous with the arrest.

While the rule announced in *Preston* v. *United States* (1964), 376 U. S. 364, 11 L. Ed. 2d 777, may be in doubt (see *Cooper* v. *California* [1967], 386 U. S. 58, 17 L. Ed. 2d

730), and it is tempting to characterize the search of the car as incidental to a lawful arrest (see *People* v. *Webb* [1967], 66 Cal. 2d 107, 424 P. 2d 342, and cases collected in 19 A. L. R. 3d 727, 743-776), we need not decide that question. Cf. *State* v. *Bernius* (1964), 177 Ohio St. 155, 203 N. E. 2d 241.

In *Chimel* v. *California* (1969), 23 L. Ed. 2d 685, the United States Supreme Court attempted to define the area of a permissible warrantless search when the search is incidental to a lawful arrest. In doing so, the court placed in doubt the status and rationale of its prior decisions in *Harris* v. *United States* (1947), 331 U. S. 145, 91 L. Ed. 1399, and *United States* v. *Rabinowitz* (1950), 339 U. S. 56, 94 L. Ed. 653. Nevertheless, the court, in footnote nine of the *Chimel* opinion, recognized that:

"Our holding today is of course entirely consistent with the recognized principle that, assuming the existence of probable cause, automobiles and other vehicles may be searched without warrants 'where it is not practicable to secure a warrant because the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought.' * * * " (Citing *Carroll* v. *United States* [1923], 267 U. S. 132, 69 L. Ed. 543, and *Brinegar* v. *United States* [1949], 338 U. S. 160, 93 L. Ed. 1879.)

In the case at bar, the record clearly shows that the officer, when searching the car, was acting upon more than mere suspicion. Given the facts known to the officer and the totality of circumstances prior to the search, there existed probable cause to conduct the search. Moreover, the record indicates that it was not practicable to secure a warrant because the vehicle could have been removed from the custody of the police as soon as Wilbert Madgett arrived at the police station and was able to clarify the question of the erroneous address on the registration.

Nothing in the record indicates that the search was conducted in an unreasonable manner.

Under the facts of this case, the search of the car without a warrant fully meets the test of reasonableness under

the Fourth Amendment, rendering the evidence obtained by the search of the car admissible at the trial of appellants. *Chimel* v. *California, supra,* footnote nine; *Carroll* v. *United States, supra; Brinegar* v. *United States, supra.*

For the reasons stated, the judgment appealed from is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., LEACH, SCHNEIDER, HERBERT and CORRIGAN, JJ., concur.*

DUNCAN, J., dissents.

LEACH, J., of the Tenth Appellate District, sitting for MATTHIAS, J.