**UNITED STATES of America,
Appellee,**

v.

**Peter Frederick FRAGUS, Appellant.**

**No. 27801.**

United States Court of Appeals,
Fifth Circuit.

June 23, 1970.

Lacy Mahon, Jr., Jacksonville, Fla., for appellant.

Edward F. Boardman, U. S. Atty, Joseph W. Hatchett, First Asst. U. S. Atty., Jacksonville, Fla., for appellee.

SUPPLEMENTAL OPINION

Before JOHN R. BROWN, Chief Judge, COLEMAN and CLARK, Circuit Judges.

PER CURIAM:

The Court, *sua sponte*, has determined to supplement its prior opinion dated

January 28, 1970. The supplement does not change the outcome there determined—we adhere to our affirmance of appellant's conviction. However, since the date that opinion was released the United States Supreme Court has rendered two decisions of significant import to this case.

## I.

That Court affirmed the decision of a three-judge district court in Milky Way Products, Inc. v. Leary, 305 F.Supp. 288 (S.D., N.Y.1969); aff. 397 U.S. 98, 90 S.Ct. 817, 25 L.Ed. 78 (1970), which confirms that the arrest of a panderer of gross smut may be effected under ordinary criminal processes without a prior judicial determination of the obscenity of the materials he peddles. While acknowledging the restraining effect of such an arrest, that opinion distinguishes the arrest from mass, or broadly effective seizures of allegedly obscene writings such as were involved in A Quantity of Books v. Kansas, 378 U.S. 205, 84 S.Ct. 1723, 12 L.Ed.2d 809 (1964) and Marcus v. Search Warrants, 367 U.S. 717, 81 S.Ct. 1708, 6 L.Ed.2d 1127 (1961). It has also come to our attention that the Second Circuit in United States v. Wild, 422 F.2d 34 (2nd Cir. 1969), affirmed convictions under Title 18, § 1461, United States Code, a companion section of the Comstock Act to the statute violated here. There the Second Circuit said:

> "* * * appellants present a broader argument that seizures in an obscenity case without a prior adversary hearing on the issue of obscenity are unconstitutional under A Quantity of Books v. Kansas, 378 U.S. 205, 84 S. Ct. 1723, 12 L.Ed.2d 809 (1964), and Marcus v. Search Warrants, 367 U.S. 717, 81 S.Ct. 1708, 6 L.Ed.2d 1127 (1961). These cases are inapposite since they involved massive seizures of books under state statutes which authorized warrants for the seizure of obscene materials as a first step in civil proceedings seeking their destruction. The seizures in this case were of instrumentalities and evidence of the crime for which appellants were indicted and lawfully arrested. We do not believe Marcus and A Quantity of Books can be read to proscribe the application of the ordinary methods of initiating criminal prosecution to obscenity cases."

In particular, see that court's opinion on petition for rehearing which details the distinctions between the seizure which occurred in that case (which is closely similar to the seizure involved in the case at bar) and its prior decision in Bethview Amusement Corp. v. Cahn, 416 F.2d 410 (2nd Cir. 1969).

We agree with the Second Circuit that there is no broader protection against seizure of obscenity of the type here involved than there would be against arrest of the procurer who is transporting it, since the Fourth Amendment speaks to unreasonable seizures of persons and papers and effects in precisely the same terms.

The material which resulted in the indictment of Fragus was alleged to consist of bus shipments of hard core indecency. Fragus knowingly and intelligently plead guilty to the charge of this indictment and thereby conceded that these materials were "obscene, lewd, lascivious or filthy". The record shows that the scurrility he was shipping was so lurid that the trial judge would not allow it to remain in the public court file. We further note from the record that the trial counsel personally retained by Fragus made not the slightest effort to let the light of day fall on this material so as to demonstrate for all to see that his client's guilty plea admission and the trial judge's evaluation that the material was utterly without any redeeming social worth, were wrong. We add only one other facet to our reasoning on this point. In the case at bar the materials involved were in packages or bags moving in interstate commerce. They had neither a character nor a knowable content which would physically permit a pre-seizure adjudication such as can reasonably be accomplished when

the subject matter is an identifiable, obtainable circulated book or magazine or a movie exhibited in a public theater. Under the circumstances present here, we adhere to our prior decision that *Fragus* had no right to a prior judicial determination of obscenity in the case at bar.

## II.

The Supreme Court has now also affirmed the decision of a three-judge district court in Gable v. Jenkins, 309 F. Supp. 998 (N.D. Ga., 1969) [CA 13001, October 24, 1969], 397 U.S. 592, 90 S.Ct. 1351, 25 L.Ed.2d 595 (1970), holding that Stanley v. Georgia, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969) does not invalidate a Georgia statute, Ga. Code 26-2101, which prohibits the distribution of materials defined as obscene.

Only one issue was presented in appellant's original brief in this court—the necessity of a prior judicial determination of obscenity—and only that issue was discussed in the reply brief filed by the United States Attorney. The constitutionality of Title 18, § 1462, United States Code, was not raised in these briefs. Oral argument was waived in this case. However, by a written response to a question posed by this court by letter, following our preliminary summary calendar review procedures,[1] appellant advanced a one-sentence submission that Stanley v. Georgia, supra, "requires no great stretch" to legitimatize the shipment of hard core pornography in interstate commerce in order to have it available for consumption in the privacy of one's home. This contention has now been directly rejected by Gable v. Jenkins, supra, as to the right of the State of Georgia to proscribe distribution of obscenity. There is no logical distinction between the permissibility of State intrastate regulation of such traffic and federal interstate control under § 1462. We therefore reaffirm our holding that this statute was constitutionally valid as it was applied under the facts of the case sub judice.

This court has noted the recent holding of a three-judge district court in United States v. 37 Photographs, 309 F. Supp. 36 [C.D. Calif. January 27, 1970], which held that Title 19, § 1305, United States Code, which prohibits the importation of obscene pictures, is unconstitutional as applied to an importer of obscenity who frankly states he intends to reprint and broadcast such trash. We expressly decline to adopt the rationale of that case.

The conviction of Peter Frederick Fragus is

Affirmed.

---

1. Rule 18 of the Rules of this Court. See Murphy v. Houma Well Service, 409 F.2d 804 (5th Cir. 1969), Part I; and Huth v. Southern Pacific Co., 417 F.2d 526 (5th Cir. 1969), Part I.