**Aimo Allen AALTO, Adolph Marks d/b/a Readers World, Alfred Kapper, Sunshine State News, Inc., a Florida corporation, Tropical News, Inc., a Florida corporation, Paris Book Store, a Florida corporation, Plaintiffs,**

v.

**Richard E. GERSTEIN, as State Attorney in and for the County of Dade, State of Florida, Defendant.**

**Civ. No. 69–1319.**

United States District Court, S. D. Florida.

Dec. 22, 1970.

Joseph Pardo, Miami, Fla., for plaintiffs.

Leonard Rivkind, Miami Beach, Fla., for defendant.

## ORDER

CABOT, District Judge.

This cause came on before the court for final hearing. The court has considered the stipulations of fact, the oral and written advices of counsel, and is otherwise duly advised in the premises.

The complainants in this cause consist of a group of book store owners, their employees, and periodical and magazine distributors. The defendant Richard Gerstein is the State Attorney for Dade County, Florida. The complaint alleges that the defendant intentionally discriminated against the plaintiffs by threatening them with prosecutions and subsequently charging them with violations of the state's obscenity laws, thus causing them to remove various publications from their shelves with the result being a violation of their First and Fourteenth Amendment rights and an unwarranted interference with the operation of their businesses. The complaint prayed for the convening of a three-judge court, 28 U.S.C. § 2281, et seq., and a declaration that Florida Statute 847.011, F.S.A., the Florida obscenity prohibition statute, is unconstitutional on its face, or in the alternative, as applied. Plaintiffs also sought a temporary restraining order to prevent prosecutions of the pending state court charges and a permanent injunction on the basis that the arrests of these plaintiffs without a prior judicial hearing on the obscenity of the materials involved constituted an unwarranted prior restraining on plaintiffs' rights as guaranteed to them under the First and Fourteenth Amendments.

On January 3, 1970, the cause came before the three-judge court pursuant to plaintiffs' request. At that time the panel concluded that from a reading of the complaint plaintiffs were aggrieved not by any constitutional defect in the statute, Florida Statute 847.011, but rather by the defendant's alleged lawless exercise of authority, a matter not within the jurisdiction of the three-judge court. Phillips v. United States, 1941, 312 U.S. 246, 61 S.Ct. 480, 85 L.Ed. 800; Tyrone, Inc. v. Wilkinson, 4 Cir. 1969, 410 F.2d 639. Accordingly, the three-judge court was dissolved and the matter was remanded to the single district judge for appropriate action.

The facts are not in dispute. The parties have stipulated to the single fact central to the disposition of this case, i. e., that this case presents an arrest situation *not* coupled with a mass seizure

of materials. Additionally, the parties have agreed that the sole issue remaining for consideration by this court is whether a prior judicial hearing on the obscenity of materials sold is constitutionally required before arrests under the state's obscenity law can be made.

On December 7, 1969, this court declined the defendant's invitation to abstain concluding that the complaint sufficiently alleged bad faith prosecution of a state penal statute, Dombrowski v. Pfister, 1965, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22, and that the court should proceed to consider plaintiffs' request for declaratory relief, LeFlore et al. v. Robinson, 5 Cir. 1970, 434 F.2d 933, and cases cited therein. The court, however, because of the defendant's agreement to stay the state prosecutions, was not called upon to consider the propriety of issuing preliminary relief in restraint of those proceedings.

■ Turning to the merits, this court concludes on the basis of the authorities, as discussed below, that a prior judicial hearing on the obscenity of the materials sold is not constitutionally required before arrests can be made under the state's obscenity laws.

The Supreme Court in Milky Way Productions, Inc. v. Leary, 1970, 397 U.S. 98, 90 S.Ct. 817, 25 L.Ed.2d 78, in affirming without opinion the decision reached by the three-judge panel below, Milky Way Productions, Inc. v. Leary, S.D.N.Y.1969, 305 F.Supp. 288, indicated its approval of this position. It is significant that the three-judge panel in *Milky Way* distinguished the arrest situation presented there from the then existing and well established principles condemning mass, or broadly effective, seizures of allegedly obscene writings without a prior adversary hearing. *See*, A Quantity of Copies of Books v. Kansas, 1964, 378 U.S. 205, 84 S.Ct. 1723, 12 L. Ed.2d 809; Marcus v. Search Warrant, 1961, 367 U.S. 717, 81 S.Ct. 1708, 6 L.Ed.

2d 1127; Tyrone, Inc. v. Wilkinson, 4 Cir. 1969, 410 F.2d 639. This court finds that the distinction is a meaningful one and rejects, as did the district court in *Milky Way*, those lower court decisions, *e. g.* Delta Book Distributors, Inc. v. Cronvich, E.D.La.1969, 304 F.Supp. 662, and others cited by plaintiffs, which have concluded that a "prior restraint" is also effected where arrests are made without a prior hearing on the obscenity of the materials.

Moreover, the Fifth Circuit has already responded to the Supreme Court's affirmance in *Milky Way*. In United States v. Fragus, 5 Cir. 1970, 428 F.2d 1211, a per curiam supplemental opinion, this circuit recognized that:

> The arrest of a panderer of gross smut may be effected under ordinary criminal processes without a prior judicial determination of obscenity of materials he peddles.

Finally, it should be noted that two divisions of this court have reached the same result. Banker v. City of Miami Beach, No. 70–487–Civ–CF; The Atheneum v. City of Miami Beach, No. 70–497–Civ–JE.

It is the view of this court that these authorities completely dispose of this cause and that the plaintiffs are not entitled to the relief sought. Accordingly, it is

Ordered and adjudged that:

1. A prior judicial hearing on the obscenity of materials sold is not constitutionally required before arrests can be made on the basis of the state's obscenity laws.

2. This memorandum opinion shall serve in lieu of findings of fact and conclusions of law.

3. Defendant shall present to the court within ten days of the date hereof a proposed form of final judgment in accordance with the foregoing.