OPINION
{¶ 1} Appellant Craig Summers appeals the decision of the Morgan County Court that denied his motion to suppress on the basis that it was untimely. Appellant also claims he received ineffective assistance of counsel. The following facts give rise to this appeal.
 {¶ 2} On December 15, 2001, at approximately 11:00 p.m., Angela Bowen, a part-time bartender at The Howard House Restaurant, in McConnelsville, refused to serve appellant and his friend alcoholic beverages as she believed both men were intoxicated. After observing appellant and his friend leave the premises, Ms. Bowen telephoned the Morgan County Sheriff's Department and spoke to Deputy Craig Savage about the two men and her concerns. Ms. Bowen provided Deputy Savage with a description of appellant's vehicle, which was relayed to McConnelsville Police Officers.
 {¶ 3} Upon arriving at The Howard House, Officer Trescott from the McConnelsville Police Department pulled up beside appellant's vehicle and walked over to appellant just as he was backing out of his parking spot. As Officer Trescott initiated a conversation with appellant, Officer Taylor arrived on the scene. As soon at Officer Trescott began talking with appellant, he noticed an odor of alcohol and observed that appellant had slurred speech. Appellant also became argumentative. Officer Trescott asked appellant to exit his vehicle which he refused to do. Officer Taylor also asked appellant to exit his vehicle and he eventually complied. After appellant exited his vehicle, Officer Trescott observed unopened beer cans in the vehicle.
 {¶ 4} Officer Taylor attempted to administer field sobriety tests to appellant. However, as Officer Taylor explained the instructions to appellant, appellant repeatedly interrupted and argued with him. Thereafter, appellant refused to perform the field sobriety tests. Appellant was placed under arrest for operating a motor vehicle under the influence of alcohol/drug of abuse. Appellant also refused to perform the breathalyzer test at the police department.
 {¶ 5} On December 18, 2001, appellant appeared for arraignment in the McConnelsville Municipal Court, entered a plea of not guilty and appealed his administrative license suspension. Thereafter, the McConnelsville Mayor indicated he had a conflict of interest in this matter and transferred the case to the County Court of Morgan County. Following the transfer, an arraignment was scheduled in the Morgan County Court for December 24, 2001. However, due to a misunderstanding, appellant appeared for arraignment on December 19, 2001. The court proceeded with appellant's arraignment, set bond and scheduled a pre-trial for January 15, 2002.
 {¶ 6} On January 2, 2002, appellant filed a financial affidavit and request for appointment of counsel. The trial court appointed counsel on February 28, 2002. According to this entry, the effective date of counsel was January 15, 2002. The trial of this matter was scheduled for February 28, 2002. At the pre-trial conducted on January 15, 2002, appellant's defense counsel indicated that he would be filing a motion to suppress. Appellant waived his right to a speedy trial on this date.
 {¶ 7} On January 25, 2002, defense counsel filed a request for jury trial, request for discovery, request for bill of particulars and request for notice of intent to use evidence. The Village of McConnelsville provided defense counsel with discovery on January 30, 2002. Defense counsel filed a motion to suppress and waiver of jury demand on February 22, 2001. The Village of McConnelsville updated its discovery on February 25, 2002, and also filed a motion to dismiss appellant's motion to suppress at untimely filed.
 {¶ 8} This matter proceeded to trial on February 28, 2002. Prior to commencement of the trial, the trial court denied appellant's motion to suppress as untimely filed. Following the presentation of evidence, the trial court found appellant guilty as charged. On March 28, 2002, the trial court sentenced appellant to one hundred eighty days in jail, suspended his driver's license for thirty-six months and imposed a fine of $1,000 plus costs.
 {¶ 9} Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 10} "I. THE TRIAL COURT ABUSED ITS DISCRETION TO THE PREJUDICE OF THE DEFENDANT IN DENYING A PRE-TRIAL MOTION TO SUPPRESS AS UNTIMELY FILED PURSUANT TO OHIO CRIMINAL RULE 12(C).
 {¶ 11} " II. THE DEFENDANT/APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."
 I {¶ 12} In his First Assignment of Error, appellant contends the trial court abused its discretion when it failed to conduct a hearing to determine whether the time frame for filing the motion to suppress had lapsed. Appellant also maintains the trial court abused its discretion by failing to accept the motion to suppress even if it was untimely filed under the Ohio Rules of Criminal Procedure. We disagree with both arguments.
 {¶ 13} Crim.R. 12(D) sets forth the time frame for pretrial motions and provides as follows:
 {¶ 14} "(D) All pretrial motions except as provided in Crim.R. 7(E) and 16(F) shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier. The court in the interest of justice may extend the time for making pretrial motions."
 {¶ 15} Pursuant to the above rule, a trial court's decision denying leave to file an untimely motion to suppress will not be disturbed on appeal absent an abuse of the trial court's discretion.State v. Karns (1992), 80 Ohio App.3d 199, 204. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 16} In support of this assignment of error, appellant argues, under the facts of this case, the time period between his arraignment, appointment of counsel and receipt of discovery from the Village of McConnelsville was not sufficient to permit defense counsel to prepare a motion to suppress within the time constraints of Crim.R. 12(D). Thus, in the interest of justice, the time period within which to file his motion to suppress should have been extended by the trial court.
 {¶ 17} Appellant refers to the case of State v. Sargent (Aug. 17, 1994), Clark App. No. 3042, in which the Second District Court of Appeals held that a defendant timely filed his motion to suppress even though it was filed only six days before trial since it was filed on the same day defense counsel received discovery from the state. Id. at 3. We find the facts of the case currently before this court distinguishable from the Sargent case. Most notably is the fact that in the case sub judice, defense counsel filed the motion to suppress twenty-two days after he initially received discovery from the state. In Sargent, defense counsel filed the motion to suppress the same day discovery was received from the state. Thus, the court of appeals concluded, in Sargent, that although the motion was not timely filed under the Ohio Rules of Criminal Procedure, defense counsel did file it promptly after receiving discovery from the state.
 {¶ 18} In addition to not timely filing the motion after receiving discovery from the state, the record also indicates defense counsel never requested leave from the trial court to file the motion to suppress or a continuance of the trial date. Accordingly, we conclude the trial court did not abuse its discretion when it overruled appellant's motion to suppress as being untimely filed. Further, there is no requirement that the trial court conduct a separate hearing to determine whether the time frame for filing the motion to suppress had lapsed. We would note defense counsel admitted, on the day of trial, that he did not timely file the motion. Tr. at 4.
 {¶ 19} Appellant's First Assignment of Error is overruled.
 II {¶ 20} In his second assignment of error, appellant maintains he was denied effective assistance of counsel when defense counsel failed to timely file a motion to suppress, failed to raise relevant issues of an unreliable, independent, credible informant and failed to request leave to file the motion out of rule. We disagree.
 {¶ 21} A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Strickland v. Washington (1984), 466 U.S. 668;State v. Bradley (1989), 42 Ohio St.3d 136.
 {¶ 22} In determining whether counsel's performance fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 23} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. "Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of the trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel." State v. Carter, 72 Ohio St.3d 545, 558, 1995-Ohio-104, citing Lockhart v. Fretwell (1993), 506 U.S. 364, 370.
 {¶ 24} Appellant claims defense counsel was ineffective for failing to timely file the motion to suppress and failing to raise the issue that the informant, Angela Bowen, was not a reliable, independent, credible informant. We have reviewed the motion to suppress filed by defense counsel and conclude defense counsel did challenge the reliability of the tipster on the basis that the tip did not give the McConnelsville Police Department reasonable and articulable suspicion to stop appellant's vehicle. Defense counsel also argued in the motion to suppress that the officers did not have probable cause to arrest appellant.
 {¶ 25} Because we conclude neither of these arguments contained in the motion to suppress would be grounds for suppression, appellant's claim for ineffective assistance of counsel for failure to timely file a motion to suppress cannot be sustained. State v. Gibson (1980),69 Ohio App.2d 91, paragraph two of the syllabus. In reaching this conclusion, we find Officer Trescott had reasonable and articulable suspicion to stop appellant's vehicle based upon the tip received from Angela Bowen. The level of suspicion required for a Terry stop is less demanding than that required for probable cause. Alabama v. White
(1990), 496 U.S. 325, 330.
 {¶ 26} Further, unlike information received from police-informants, who themselves are involved in criminal activity, or informants who remain anonymous, information received from known ordinary citizens which is based upon their personal knowledge is presumed to be credible and reliable. State v. Garner, 74 Ohio St.3d 49, 63,1995-Ohio-168.
 {¶ 27} Even assuming arguendo that Angela Bowen was an unreliable witness, information observed by such witnesses may nonetheless form the basis for probable cause where a police officer subsequently observes conduct on the part of a suspect which corroborates the tip. State v.Madgett (1970), 22 Ohio St.2d 148.
 {¶ 28} At trial, Angela Bowen testified that she believed appellant was intoxicated because she could smell alcohol on him, observed that he had red and watery eyes and swayed as he walked from the bar stool where he had been sitting to the door of the restaurant. Tr. at 18-19. Once appellant left the restaurant, Angela Bowen observed appellant stumble off the wheelchair ramp and balance himself on his car. Tr. at 22. The record also contains Angela Bowen's written statement in which she describes her observations of appellant. Based upon this testimony, we conclude Angela Bowen provided a reliable tip and therefore, Officer Trescott had the level of suspicion required to perform a Terry stop. Thus, appellant's motion to suppress would not have been successful on this ground.
 {¶ 29} We also conclude appellant's motion to suppress would not have succeeded on the ground that Officer Trescott did not have probable cause to arrest him. Officer Trescott testified, at trial, that he noticed an odor of alcohol as soon as he began talking to appellant. Tr. at 40. Appellant became argumentative with Officer Trescott. Id. Appellant also had slurred speech and refused to exit his vehicle. Tr. at 41-42. Officer Trescott also viewed alcohol, in plan view, inside appellant's vehicle. Tr. at 44. When Officer Taylor attempted to perform the HGN test, appellant continually interrupted him and he was not able to administer the test. Id. at 47.
 {¶ 30} We find the above testimony of Officer Trescott supports the conclusion that probable cause existed to arrest appellant. Therefore, appellant's motion to suppress would not have been successful on this ground either. Since the officers had reasonable and articulable suspicion to stop appellant's vehicle based upon the tip from Angela Bowen and probable cause to arrest appellant for operating a motor vehicle under the influence of alcohol/drug of abuse, defense counsel was not deficient for failing to timely file the motion to suppress.
 {¶ 31} Finally, although defense counsel failed to request leave to file the motion to suppress out of rule, such failure did not result in ineffective assistance of counsel since appellant's motion would not have been successful on its merits.
 {¶ 32} Appellant's Second Assignment of Error is overruled.
 {¶ 33} For the foregoing reasons, the judgment of the Morgan County Court, Morgan County, Ohio, is hereby affirmed.
By: Wise, P.J., Edwards, J., and Boggins, J., concur.
Topic: failure to timely file motion to suppress.