STATE OF IOWA, Appellee, v. WILLIAM BRADLEY, Appellant.

No. 45693.

April 7, 1942.

Healey & Reynolds and Elton A. Johnston, for appellant.

John M. Rankin, Attorney General, George F. Allen, County Attorney, and Kenneth H. Davenport, Special Prosecutor, for appellee.

Stiger, J.—At the time the indictment was returned defendant held a class "B" permit issued by the city of Creston, Iowa.

Sections 1921.126 and 1921.132 appear in chapter 93.2, Code, 1939, entitled "Beer and Malt Liquors."

The material parts of said sections read:

"1921.126 Alcoholic content. No liquor for beverage purposes having an alcoholic content greater than four percent by weight, shall be used, or kept for any purpose in the place of business of class 'B' permittees, or on the premises of such class 'B' permittees, at any time. A violation of any provision of this section shall be grounds for revocation of the permit.

"1921.132 Violation. Any person who violates any of the provisions of this chapter, * * * shall be punished by a fine of not less than three hundred dollars, nor more than one thousand dollars, or by imprisonment in the county jail for not less than three months, nor more than one year, or by both such fine and imprisonment."

I. Defendant claims the court erred in overruling his demurrer to the indictment and his motion in arrest of judg-

ment for the following reasons : (1) A violation of section 1921.126 is not a crime. (2) A violation of said section is not an indictable offense. (3) Said section contains its own punishment and the legislature did not intend that the general punishment statute, section 1921.132, should apply to a violation of section 1921.126. We cannot agree with defendant's construction of the statutes. The provision in section 1921.126 making its violation a ground for revoking the permit refers to the power granted municipalities by the act to issue permits and revoke the same for causes stated in the chapter. In addition to making a violation of the statute a ground for revoking the privilege to sell beer, by civil proceedings, the legislature made it a crime punishable as provided in section 1921.132. The legislature clearly intended to make a person who violates section 1921.126 subject to the civil and criminal procedure.

II. Another assignment of error is that the court erred in refusing to permit the chief of police to testify on cross-examination to matters concerning the alleged illegality of search-warrant proceedings.

On November 25, 1940, two gallons of whisky were taken from the place of business of defendant by search-warrant proceedings. The information charged that intoxicating liquors were owned and kept by defendant with the intent to sell in violation of the laws of the state of Iowa. A hearing was had and on December 4th an order of nonforfeiture was entered by the magistrate, but the seized liquor was ordered held as evidence in this case and subject to the final order of the district court of Union county, Iowa, and delivered to the sheriff of said county. In the recent case of State v. Nelson, 231 Iowa 177, 300 N. W. 685, this court adhered to the rule established in this state by State v. Tonn, 195 Iowa 94, 191 N. W. 530, that evidence is not subject to exclusion because illegally obtained. The ruling of the trial court was proper.

The court also properly refused to permit the witness to testify as to the contents of the information for a search warrant, the warrant, and the judgment of the magistrate, which documents were in evidence, and to testify as to his interpretation of the judgment entered by the magistrate which held the whisky was not subject to forfeiture.

III. Another assignment is that the court erred in refusing to permit the magistrate who presided in the search-warrant proceedings to testify that he meant to enter an order of nonforfeiture because the liquor was not of an illegal nature and that the seals were unbroken at the time the liquor was seized, because: (1) The evidence was obtained by an illegal search warrant. (2) The justice of the peace had ruled that the liquor should not be forfeited and the jury had a right to consider this ruling as to any inference that could be drawn therefrom.

As heretofore stated, the fact that the two gallons of whisky may have been wrongfully obtained did not make it inadmissible in evidence.

It appeared without contradiction in the evidence that the liquor was purchased from a state liquor store and that the seals were unbroken at the time of its seizure. The judgment of the justice of the peace, which held that the whisky was not subject to forfeiture, was admitted in evidence and was before the jury for consideration. There is no error in this assignment.

IV. There is no merit in defendant's claim that the liquor introduced in evidence was not properly cared for by the sheriff from the time of its seizure up to the time of the trial and was not in the same condition as when it was seized.

V. The next proposition is that the court erred in overruling defendant's motion for directed verdict. There was sufficient evidence that defendant kept the liquor on the premises to take the case to the jury. The motion was properly overruled.

VI. The defendant complains of instruction No. 5. The material portion of the instruction is as follows:

"As to the second essential, you are instructed that before the defendant can be convicted, the state must prove by the evidence beyond a reasonable doubt that there was used or kept upon the premises covered by said Class 'B' permit liquor having an alcoholic content greater than four percent by weight.

"In this connection you are further instructed that the law of Iowa provides that no liquor for beverage purposes having an alcoholic content greater than four percent by weight, shall be used, or kept for any purpose in the place of business

of Class 'B' permittees, or on the premises of such Class 'B' permittees, at any time.

"If you find from the evidence beyond a reasonable doubt that Exhibits A and B were found by the officers upon the premises where the defendant was operating a business under a Class 'B' permit; that the liquor, if any, was suitable for beverage purposes and that it had an alcoholic content greater than four percent by weight; and you further find from the evidence beyond a reasonable doubt that the liquor, if any, was used, or kept for any length of time whatever upon said premises, either with or without the knowledge of the defendant, then upon this essential you should find for the state. But if the state has failed to establish this essential by the evidence beyond a reasonable doubt, you should find the defendant not guilty."

■ Defendant attacks the statement in the instruction that the liquor must be "suitable for beverage purposes," claiming the provision in section 1921.126 that no liquor for beverage purposes shall be kept for any purpose, etc., required the State to prove the liquor was used and kept by defendant for beverage purposes. The court was obviously right in its construction of the statute in this regard.

■ Defendant further claims the statement in the instruction, "and you further find from the evidence beyond a reasonable doubt that the liquor, if any, was used, or kept for any length of time whatever upon said premises, either with or without the knowledge of the defendant, then upon this essential you should find for the state," constitutes reversible error. This contention must be sustained.

Section 1921.132 provides that any person who violates the provisions of section 1921.126 shall be guilty of a crime. The indictment accused defendant of the crime of keeping liquor having an alcoholic content greater than four per cent by weight in a place of business of a class B permittee, in violation of section 1921.126. It was not sufficient for the State to prove that liquor was kept in the place of business of defendant; it was incumbent on the State to prove that the liquor was kept on the premises with the knowledge of defendant.

■ Instruction No. 3 states that the State would be entitled

to a conviction if it proved "That there was used or kept for any purpose on the premises covered by the Class 'B' Permit liquor suitable for beverage purposes having an alcoholic. content greater than four per cent by weight."

This instruction is also erroneous.

Because of reversible error in the instructions, the case is reversed.—Reversed.

BLISS, C. J., and MILLER, HALE, WENNERSTRUM, GARFIELD, and OLIVER, JJ., concur.