STATE OF IOWA, appellant, v. JOHN RAMOS, appellee.

No. 52286.

(Reported in 149 N.W.2d 862)

April 4, 1967.

Richard C. Turner, Attorney General, Stephen C. Robinson, Assistant Attorney General, and George J. Knoke, County Attorney, of Council Bluffs, for appellant.

Kenneth Sacks, of Council Bluffs, and Levin & Gitnick, of Omaha, Nebraska, for appellee.

Becker, J.—Defendant was charged by county attorney's information as follows:

"[A]ccuses John Ramos of the crime of Violation of Section 725.5, 1962 Code of Iowa, to-wit: Obscene Literature, committed as follows:

"For that the said John Ramos on or about the 10 day of December, A.D. 1965, in the said County of Pottawattamie and State of Iowa, * * * did sell, offer for sale, and have in his possession with intent to sell, obscene, lewd, indecent, lascivious, or filthy books. All in violation of Section 725.5, 1962 Code of Iowa."

Section 725.5 reads in pertinent part as follows:

"Obscene literature—articles for immoral use. Whoever sells, or offers for sale, or gives away, or has in his possession with intent to sell, loan, or give away any obscene, lewd, indecent, lascivious, or filthy book, pamphlet, paper, drawing, lithograph,

engraving, picture, photograph, writing, card, postal card, model, cast, or any instrument or article of indecent or immoral use, * * * shall be guilty of a misdemeanor and be fined not more than one thousand nor less than fifty dollars, or be imprisoned in the county jail not more than one year, or both."

Relying on Smith v. California (1959), 361 U. S. 147, 80 S. Ct. 215, 4 L. Ed.2d 205, the trial court said:

"The main thrust of the holding in *Smith* is that *scienter* must be required as the *sine qua non* of a valid law. The Los Angeles ordinance lacked this essential requirement and was struck down. The Iowa statute lacks this same essential and must suffer a like demise.

"For the reasons stated, the defendant's motion to dismiss is sustained. The information is dismissed. The defendant is discharged and his bail exonerated. Costs are taxed to plaintiff."

I. We take what comfort we can from the fact that we are not alone in facing the precise problem of statutory interpretation re necessity for the element of scienter in obscenity statutes. This problem has been faced by many state courts as an aftermath of Smith v. California, supra. One of the more recent cases, State v. Locks (1962), 91 Ariz. 394, 396, 397, 372 P.2d 724 at pages 725 and 726, reviews the problem and the various solutions to that date.

"Since Smith was handed down in 1959 the highest courts of twelve states have been presented with the problem herein involved—i.e. the construction to be given an obscenity statute which on its face does not require scienter. In nine of these jurisdictions the statutes have been upheld as impliedly containing the scienter requirement. Cohen v. State, 125 So.2d 560 (Fla. 1960) ; State v. Roufa, 241 La. 474, 129 So.2d 743 (1961) ; Demetropolos v. Commonwealth, 342 Mass. 658, 175 N.E.2d 259 (1961) ; State v. Oman, 261 Minn. 10, 110 N.W.2d 514 (1961) ; State v. Hudson County News Co., 35 N. J. 284, 173 A.2d 20 (1961) ; People v. Finkelstein, 9 N. Y.2d 342, 214 N. Y. S.2d 363, 174 N.E.2d 470 (1961) ; State v. Jackson, 224 Or. 337, 356 P.2d 495 (1960) ; State v. Miller, W. Va., 112 S.E.2d 472 (1960)

(by implication); State v. Chobot, 12 Wis.2d 110, 106 N.W.2d 286 (1960), appeal dismissed, 368 U. S. 15, 82 S. Ct. 136, 7 L. Ed.2d 85 (1961) (by implication).

"The principal device employed by the above courts in saving the statutes involved has been the rule that whenever possible a statute should be construed as to render it constitutional. Representative of this approach is the opinion in Demetropolos wherein the Supreme Judicial Court of Massachusetts, after acknowledging that the legislature had amended a companion obscenity statute (dealing with pamphlets) to include the word 'knowingly' but had failed to do so in the case of the obscene book statute under consideration, said:

" 'In an ordinary case this factor might be persuasive. It cannot, however, be allowed to prevail over the principle that where a statute may be construed as either constitutional or unconstitutional, a construction will be adopted which avoids an unconstitutional interpretation.' 175 N.E.2d at 261.

"On the other hand the Supreme Courts of Indiana, Missouri, and Washington have struck down statutes similar to Section 13-532. In State v. Kuebel, Ind., 172 N.E.2d 45 (1961) the Indiana court (3-2) declared the Indiana statute unconstitutional for failure to include the scienter requirement. Fundamental to the court's conclusion was the fact that the Indiana legislature had amended the obscene 'mails' statute to require scienter but had failed to do so respecting the obscene 'sale or selling' statute under consideration. In City of St. Louis v. Williams, 343 S.W.2d 16 (Mo. 1961) and in State ex rel. Lally v. Gump, 57 Wash.2d 224, 356 P.2d 289 (1960), however, the Missouri and Washington courts did little more than compare the language of their statutes with that contained in the Smith ordinance and proceed to determinations of constitutionality.

"We choose to follow the lead of the majority of those courts which have ruled on this question and construe Section 13-532 as impliedly requiring scienter."

Tennessee, Michigan and Ohio have joined those states that have refused to read the term "knowingly" into their statutes or ordinances and have concluded that their obscenity statutes or

ordinances are unconstitutional. Ellenburg v. State (1964), 215 Tenn. 153, 384 S.W.2d 29; People v. Villano (1963), 369 Mich. 428, 120 N.W.2d 204; and City of Cincinnati v. Marshall (1961), 172 Ohio St. 280, 175 N.E.2d 178. Nevertheless we think the argument in favor of constitutional interpretation must prevail.

We note with interest that Connecticut faced this problem the year before Smith v. People of the State of California was handed down. The Supreme Court of Errors of that state reached the conclusion that scienter was implicit in the obscenity statute in State v. Sul (1958), 146 Conn. 78, 87, 147 A.2d 686, 691, without reference to the Smith case: "Intent is a mental process, and under the terms of the section it is the obvious intendment of the legislature that the word 'intent' should imply knowledge that the material is, in fact, obscene or indecent. Ordinarily, intent can be proven only by circumstantial evidence. State v. Nathan, 138 Conn. 485, 488, 86 A.2d 322. The same holds true in this instance of knowledge of the character of the material possessed. State v. Heno, 119 Conn. 29, 32, 174 A. 181, 94 A. L. R. 696; State v. Weiner, 84 Conn. 411, 417, 80 A. 198. We hold that proof of knowledge that the proscribed material is obscene or indecent is requisite to a conviction under §8567." Thus Connecticut had no trouble following what appears to be the majority result when the matter was again raised in State v. Andrews (1962), 150 Conn. 92, 186 A.2d 546.

II. In reaching a constitutional construction here we are not without Iowa precedent. State v. Schultz, 242 Iowa 1328, 1331, 1334, 50 N.W.2d 9, 11, involved a charge that defendant "either personally or by agent" offered or made beer available to a minor. The statute was silent as to guilty knowledge. We held: "Whether intent is a necessary element of a statutory crime is a matter of statutory construction. We said, in State v. Dunn, 202 Iowa 1188, 1189, 211 N.W. 850, 851: 'Whether a criminal intent or guilty knowledge is an essential element of a statutory offense is to be determined as a matter of construction from the language of the act, in connection with its manifest purpose and design.' * * *

"It was incumbent upon the State to prove that the sale to the minor was made with the knowledge, or by the direction, sanction or approval of the defendant. The record is barren of any such showing. *We are not disposed to extend further the doctrine of guilt without intent or knowledge.*" (Emphasis supplied.)

See also State v. Bradley, 231 Iowa 1112, 3 N.W.2d 133, and State v. Drummer, 254 Iowa 324, 117 N.W.2d 505.

The principle stated in State v. Dunn, supra, that the legislature may forbid the doing of an act and make its commission a crime without regard to the intent or knowledge of the doer is recognized with some reservations in Smith v. California, supra. " 'The existence of a *mens rea* is the rule of, rather than the exception to, the principles of Anglo-American criminal jurisprudence.' Dennis v. United States, 341 U. S. 494, 500, 71 S. Ct. 857, 862, 95 L. Ed. 1137. Still, it is doubtless competent for the States to create strict criminal liabilities by defining criminal offenses without any element of scienter—though even where no freedom-of-expression question is involved, there is precedent in this Court that this power is not without limitations. See Lambert v. People of State of California, 355 U. S. 225, 78 S. Ct. 240, 2 L. Ed.2d 228."

Thus we have approved criminal statutes where guilty knowledge was not made an element of the crime. State v. Dunn, supra. See State v. Wharff, 257 Iowa 871, 134 N.W.2d 922; State v. Barry, 255 Iowa 1329, 125 N.W.2d 833; State v. Dahnke, 244 Iowa 599, 57 N.W.2d 553. In other cases we have required proof of intent or guilty knowledge even though absent in the statute. State v. Drummer, supra.

The question is one of statutory construction. We interpret section 725.5 to require scienter as a necessary element of the crime charged.

III. The importance of this statutory construction stems in part at least from the conclusion that the Supreme Court of the United States in Smith did not condemn the Los Angeles ordinance *per se* but condemned it as interpreted by the California courts. "The offense was defined by the Municipal Court, and by the Appellate Department of the Superior Court, which

affirmed the Municipal Court judgment imposing a jail sentence on appellant, as consisting solely of the possession, in the appellant's bookstore, of a certain book found upon judicial investigation to be obscene. The definition included no element of scienter—knowledge by appellant of the contents of the book—and thus the ordinance was construed as imposing a 'strict' or 'absolute' criminal liability."

It was the ordinance *as interpreted by the appropriate state court* that was declared unconstitutional by the majority: "The bookseller's self-censorship, compelled by the State, would be a censorship affecting the whole public, hardly less virulent for being privately administered. Through it, the distribution of all books, both obscene and not obscene, would be impeded."

■ ■ IV. The general rule that all statutes must be so construed as to avoid unconstitutionality if that can reasonably be done is adhered to in this state. Thus where a statute is fairly open to two constructions one of which will render it constitutional and the other unconstitutional or of doubtful constitutionality, the construction by which it may be upheld will be adopted. Kruck v. Needles, 259 Iowa 470, 144 N.W.2d 296; Kruidenier v. McCulloch, 258 Iowa 1121, 142 N.W.2d 355.

Defendant forcefully argues that where a statute is free from ambiguity and is so clear that its meaning is evident from a mere reading, the statute, if it is to be changed, must be changed by the legislative and not by the courts under the guise of construction; i.e., we should not add the word "knowingly" to the statute when the legislature omitted that word.

But as previously noted this court has not been slow to add the requirement of scienter where justice demanded such addition. Certainly we should do no less where constitutionality makes an additional demand.

V. The quantum of proof necessary to show the required scienter is not now before us and we do not pass on that question. As noted by Mr. Justice Frankfurter in his concurring opinion in Smith v. California, supra, 80 S. Ct. at page 223: "The Court accepts the settled principle of constitutional law that traffic in obscene literature may be outlawed as a crime. But it holds that

one cannot be made amenable to such criminal outlawry unless he is chargeable with knowledge of the obscenity. Obviously the Court is not holding that a bookseller must familiarize himself with the contents of every book in his shop. No less obviously, the Court does not hold that a bookseller who insulates himself against knowledge about an offending book is thereby free to maintain an emporium for smut. How much or how little awareness that a book may be found to be obscene suffices to establish scienter, or what kind of evidence may satisfy the how much or the how little, the Court leaves for another day."

█ VI. Nor do we mean to imply that our construction of section 725.5 obviates the desirability of legislative amendment. The State must charge and prove that defendant knowingly sold, offered for sale, or had in his possession with intent to sell, loan or give away the material alleged to be obscene. In light of our statutes regulating the form and content of indictments and informations it would seem desirable that the requirement of scienter be explicitly included in the statute for the purpose of avoiding incomplete charges by the State, which upon demurrer would have to be amended with leave or by order of court. Code, 1966, sections 773.4, 773.14, 773.43, 769.12.

█ VII. The proper method of raising constitutional objection to the information is by demurrer, State v. Talerico, 227 Iowa 1315, 290 N.W. 660. While the attack here was made by what was entitled "motion to dismiss" (unknown to our criminal procedure), we have examined this record without regard to technical errors, Code, 1966, section 793.18, and treated the motion as a demurrer filed under section 769.33 and section 777.2, Code, 1966. Defendant's successful position was that the foregoing statute is constitutionally invalid because it fails to require knowledge on the part of defendant that material allegedly sold or kept with intent to sell was obscene. The other objections raised by defendant are not the subject of appeal here and are not considered. Rules of Civil Procedure, 344(a)(4) (Third).

VIII. "In State v. Talerico, 227 Iowa 1315, 1324, 290 N.W. 660 [664], a demurrer was sustained on the ground that the

598

statute in question was unconstitutional. We held the statute to be constitutional, and said: 'It follows that the trial court erred in sustaining the demurrer to the indictment. The ruling upon the demurrer is reversed but under the statute the case may not be remanded.'" State v. Valeu, 259 Iowa 963, 966, 146 N.W.2d 228, 229.

█ █ In this case we hold that the court was correct in sustaining defendant's demurrer to the information but should have ordered or allowed an amendment to charge scienter. The court erred in so construing section 725.5 as to make a finding of unconstitutionality mandatory. As we construe that section it is not open to constitutional attack on the grounds that it lacks the requirement of scienter. Since this case has been finally dismissed, we consider this matter only for the purpose of pointing out errors in the proceedings. Iowa Code, 1966, section 793.20; State v. Valeu, supra.—Reversed.

All JUSTICES concur except THORNTON, J., not sitting.