**STATE of Iowa, Appellee,**

v.

**Arthur Richard RUSSELL, Appellant.**

No. 54707.

Supreme Court of Iowa.

March 27, 1974.

R. Fred Dumbaugh and Guy P. Booth, of Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., David E. Linquist, Asst. Atty. Gen., William G. Faches, Co. Atty., for appellee.

Submitted to MOORE, C. J., and MASON, LeGRAND, UHLENHOPP and REYNOLDSON, JJ.

MASON, Justice.

Arthur Richard Russell appeals from judgment following his conviction of the crime of robbery with aggravation in violation of section 711.2, The Code. He was charged by indictment with robbing a Cedar Rapids tavern while armed with a hand gun and with intent if resisted to kill or maim the barmaid.

The judgment and sentence provided defendant "be imprisoned in the state penitentiary at Fort Madison, Iowa, for an indeterminate term not to exceed 25 years at hard labor. Said sentence is to run consecutively and not concurrently to the sentence now being served by defendant at the Iowa state penitentiary." At the time of arrest defendant was on parole from a 25-year sentence for a 1965 conviction of robbery with aggravation.

After defining the crime of robbery in section 711.1, The Code, the legislature in section 711.2 provided the penalty for the aggravated offense in this manner:

"If such offender at the time of such robbery is armed with a dangerous weapon, with intent, if resisted, to kill or maim the person robbed; of if, being so armed, he wound or strike the person robbed; or if he has any confederate aiding or abetting him in such robbery, present and so armed, he shall be imprisoned in the penitentiary for a term of twenty-five years."

Defendant does not seek a new trial or a reversal on the merits but asks this court to review the sentence imposed, vacate it and remand the matter to the trial court for resentencing. He relies upon one proposition for remand in which he contends the court erred in imposing a sentence that is cruel and unusual in violation of Amendment 8 of the United States Constitution and in violation of Article I, section 17 of the Iowa Constitution.

I. Defendant argues two brief points in seeking to sustain his position. At one point he argues he has been denied due

process of law because section 711.2 is unconstitutionally vague. He maintains that in attempting to form a distinction between robbery with aggravation and robbery without aggravation the legislature "foundered" upon constitutional vagueness, pointing out what he contends are so many vague and undefined phrases that the intent of the statute is lost.

This argument is coupled with the contention the statute is unconstitutional on its face since it provides cruel and unusual punishment by mandating an automatic term of 25 years upon conviction regardless of the circumstances of the crime; the arbitrary and capricious nature of section 711.2 removes all human element from sentencing and creates a punishment that is cruel and inhuman and in many instances clearly excessive thereby offending the constitutional provisions referred to earlier.

However, neither of the foregoing contentions as to the unconstitutionality of section 711.2 was raised in the trial court by demurrer, State v. Ramos, 260 Iowa 590, 597, 149 N.W.2d 862, 866, or in any other manner.

■ Ordinarily, matters not raised in the trial court, including constitutional questions, cannot be effectively asserted the first time on appeal. Furthermore, the constitutionality of a statute may not be considered on appeal where the question was not raised in the lower court. State v. Tokatlian, 203 N.W.2d 116, 120 (Iowa 1972), and authorities cited.

In State v. Wisniewski, 171 N.W.2d 882, 886–887 (Iowa 1969), we recognized as an exception to the general rule certain circumstances where a defendant may raise in this court for the first time a right arising after his trial. In the cited case we neither departed from nor diluted the rule that failure to assert a known or existing right in the trial court is fatal. The exception noted in *Wisniewski* does not aid defendant here.

The foregoing contentions present no issue for review in this court.

II. Later in written argument defendant proposes that in the event we are not persuaded to sustain his contention that section 711.2 is unconstitutional (which is not an issue presented under the record), the sentence is clearly cruel, unusual and excessive and should be vacated on this ground alone.

The sentence imposed does not exceed the penalty authorized by the statute for conviction of the crime charged. The district court was within the authority granted under section 789.12, The Code, in ordering the sentence imposed to run consecutively to the sentence then being served by defendant as a result of his previous conviction of robbery with aggravation.

■ Defendant argues that in view of his age, 51, the present sentence running consecutively to the previous sentence could possibly mean that he would be imprisoned until he was 96 years of age.

A somewhat similar argument was rejected in State v. DeRaad, 164 N.W.2d 108, 112–113 (Iowa 1969), where a claim that a sentence of 75 years was excessive in view of defendant's life expectancy of 22.82 years was urged.

Unless there is error in the sentence by reason of failure to follow a specific statutory provision or there is abuse of discretion we do not interfere with the sentence. State v. Beer, 193 N.W.2d 530, 533 (Iowa 1972); State v. Davis, 195 N.W.2d 677, 678 (Iowa 1972); and State v. Carncross, 205 N.W.2d 698, 699 (Iowa 1973).

Before pronouncing judgment imposing the sentence challenged the trial court was furnished a copy of the presentence report, copies of which were given defendant's counsel and the prosecutor. Both acknowledged they had had opportunity to read it. It disclosed that defendant had been previously convicted of three felonies, two of which involved armed robbery. Defendant

did not contest its contents. According to the transcript both of defendant's counsel were given opportunity to present any mitigating circumstances which they felt might affect the punishment. Defendant was personally given the right of allocution.

Review of the record does not even indicate or suggest any abuse of discretion. Defendant's argument in this respect is also without merit.

The case is therefore

Affirmed.