STATE of Iowa, Appellee,

v.

Richard Dean RITCHISON, Appellant.

No. 55555.

Supreme Court of Iowa.

Nov. 13, 1974.

John C. Platt, Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., David E. Linquist, Asst. Atty. Gen., William G. Faches, County Atty., Timothy White, Asst. County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, UHLENHOPP, REYNOLDSON and McCORMICK, JJ.

MASON, Justice.

Richard Dean Ritchison was charged by county attorney's information with sale of a narcotic drug contrary to section 204.2, The Code, 1966. Following his plea of not guilty defendant was tried and convicted by a jury of the crime as charged. He appeals from the sentence imposed following that conviction.

The controversy deals with the sale of somewhat over seven "lids" of marijuana to a special agent of the Department of Public Safety on June 25, 1970.

Agent Frank Cooley, employed by the Department of Public Safety, the division of Narcotic and Drug Enforcement, testified he and Cedar Rapids police detective Denton Schultz went to the La Cantina bar in Cedar Rapids where Cooley was introduced to a man named Larry (defendant later testified this was Larry Bales, a bartender at the tavern). Cooley stated a discussion concerning the sale of drugs followed and it was decided a purchase was to be made at the Me Too parking lot at Johnson Drive and Jacolyn Drive on the west edge of Cedar Rapids.

Cooley arrived at the scene about 9:40 p. m. and at 9:45 p. m. a white 1969 Mercury Montego arrived. Cooley recognized one of the two men passengers as Larry and at trial identified the other as defendant, who was driving. The Mercury was registered to one Ida Pena.

Agent Cooley stated defendant suggested the three men have a drink. Defendant drove and while in the car asked Cooley if he wanted "to buy this stuff or not." Defendant informed Cooley the drugs were marijuana and sold for $20 per lid. Cooley objected the price was too expensive and offered $10.

Over objection Cooley testified defendant stated he had been in the drug business from four to four and one half years and the $20 price was not too high considering the quality of the marijuana.

The three stopped at a bar and had drinks, where Agent Cooley still refused to pay the asking price. On the way back to the Me Too parking lot, it was finally agreed defendant would sell seven lids and two "nickel bags" for $135. The sale was completed at the parking lot.

Special Agent Dooley and Detective Schultz, who had gone to the Me Too parking lot, observed Agent Cooley enter the Mercury. They did not follow, but waited until the car returned, where they observed Cooley return to his own car.

Defendant took the stand stating Larry Bales introduced Agent Cooley to him at the La Cantina Tavern. According to defendant Larry approached him about six times about a drug sale, and later, Cooley asked him about marijuana several times. Defendant claimed he had no marijuana. During this time Ida Pena, owner of the Mercury, overheard the conversations and told defendant she had marijuana to sell. Defendant who denied the marijuana was his, said he relayed this information to Cooley. Cooley, on the other hand, denied he talked with or saw defendant at the La Cantina.

Defendant stated Cooley, subsequent to the sale in question, repeatedly telephoned about making another deal, to which defendant answered he did not deal in drugs.

After the sale had taken place Cooley delivered the marijuana to the home of Detective Schultz, where Agent Dooley sampled it. Cooley then personally delivered the marijuana to Donald Booton, a state chemist for the Department of Agriculture in Des Moines, who then gave it to an assistant, Dennis Chapman. Chapman determined the substance to be marijuana.

The appeal presents the following issues for review: (1) whether the trial court erred by failing to submit to counsel a preliminary draft of instruction 10 (which defined marijuana as a narcotic) prior to the jury argument as required by rule 196, Rules of Civil Procedure, as then in force; (2) did the trial court err in admitting the testimony of Agent Cooley relating to statements by defendant that he was a drug dealer?; (3) did the trial court err in denying defendant's offer of proof that marijuana is not a narcotic drug?; and (4) whether the statutory presumption created by section 204.1(10)(c), The Code, 1966, and instruction 10—that marijuana is a narcotic—is a denial of due process under Amendment 14 to the Constitution of the United States.

I. Defendant asserts it was error to submit instruction 10 which defined marijuana as a narcotic. In the trial court, after argument to the jury, defendant objected to the added instruction because, (1) of the failure to include it in the preliminary draft; (2) defendant argued to the jury marijuana was not a narcotic, thus, inclusion of the instruction after argument would be prejudicial; and (3) the instruction violates the due process clause of Amendment 14 since the legislature cannot define marijuana as a narcotic when in fact it is not.

In overruling the objection, the trial court stated defense counsel knew marijuana was defined as a narcotic, took the risk in arguing this issue to the jury and that the court was stating the law which to not do would be erroneous.

In written brief and argument defendant stresses only the contention urged in the first of his objections made at trial.

The question as to whether marijuana was a narcotic drug was injected into the

case during the cross-examination of the State's witness, Dennis Chapman. This witness testified that as far as chemical analysis was concerned marijuana was not a narcotic drug.

At the close of all evidence but before arguments to the jury the court submitted preliminary drafts of instructions it expected to give. Instruction 10 which is the subject of defendant's attack was not included. Counsel for each side made some objections to the preliminary draft. However, the matter later included in instruction 10 was not the subject of a request or objection by either side.

In this connection attention is called to the rule followed in this state that ordinarily objections to preliminary drafts of instructions do not serve to preserve for review alleged error in regard to the instructions. State v. Schmidt, 259 Iowa 972, 145 N.W.2d 631 and State v. Clark, 187 N.W.2d 717 (Iowa 1971).

The problem of preserving for review objections to instructions was dealt with recently in State v. Baskin, 220 N.W.2d 882, 884–887 (Iowa 1974).

In jury argument defendant asserted marijuana was not a narcotic drug. After jury arguments were completed the court submitted its final draft of proposed instructions to counsel and afforded them opportunity to take exceptions and make objections. Included in the final draft was instruction 10 which we set out in its entirety: "By definition, marijuana was a narcotic drug under Law of Iowa on June 25, 1970."

At this time defendant objected to instruction 10. His sole challenge arises from the fact this instruction included in the final draft had not been included in the preliminary draft. Defendant does not in any manner attack the instruction as being an incorrect statement of the law. As a matter of fact, there is no question but that the law applicable at the time of the alleged offense and trial defined marijuana as a

narcotic. Section 204.1(10)(c), The Code, 1966.

Defendant relies on rule 196, R.C.P., in support of his contention. The rule as then in force stated in pertinent part:

"Before argument to the jury begins, the court shall furnish counsel with a preliminary draft of instructions which it expects to give on all controversial issues. * *."

The language is clear. A court was required by the wording of the rule to so submit a preliminary draft to counsel. Defendant in relying on this provision cites State v. Zbornik, 248 Iowa 450, 457–458, 80 N.W.2d 735, 739 for the proposition, "Counsel were entitled as a matter of right to see the instructions before commencing argument." See also State v. Miller, 254 Iowa 545, 558, 117 N.W.2d 447, 456. In both cases, however, any error was not preserved because counsel failed to object before argument.

Research revealed only one other case on the subject, which is older than *Zbornik* or *Miller* and in which the holding is somewhat obscure. In State v. Holder, 237 Iowa 72, 84, 20 N.W.2d 909, 915, appellant's counsel objected that the court failed to furnish a preliminary draft. This objection was made at the close of the jury argument and before the instructions were read. There was no objection on this in the motion for new trial, however, and the court concluded the instruction correctly stated the law. " * * * While the instructions should have been submitted to counsel in accordance with Rule 196 we are of the opinion that under the record here no prejudicial error resulted in the court's failure to so submit them to counsel." Whether the court bases its reasoning upon the fact error was not preserved or the instruction correctly stated the law is not clear.

In *Zbornik* and *Miller* cases there was no preliminary draft whatsoever submitted to counsel where here one instruction was added after the issue was raised in defendant's argument to the jury.

■ Courts have the duty to instruct juries " * * * on the law applicable to the facts as disclosed by the evidence, and must so instruct if there is evidence admitted which supports some involved issue. * * [citing authorities]." State v. McConnell, 178 N.W.2d 386, 389 (Iowa 1970). See also State v. Horrell, 260 Iowa 945, 956, 151 N.W.2d 526, 533 and State v. Lamar, 210 N.W.2d 600, 605–606 (Iowa 1973).

Courts must so instruct even without a request when the issues presented justify an instruction. State v. Wiese, 182 N.W.2d 918, 921 (Iowa 1971). See also State v. Wheeler, 216 Iowa 433, 435, 249 N.W. 162.

■ In the present case the question as to whether marijuana was a narcotic drug was raised in cross-examination and pursued in defense counsel's argument to the jury. After this, the trial court included the definitional instruction. It is our view that additions of this type were allowable by this language appearing in rule 196, R.C.P., before amendment:

"Before reading them to the jury, the court shall submit to counsel its instructions in their final form, noting this fact of record, and granting reasonable time for counsel to make objections after argument to the jury and before the instructions are read to the jury. * * * But if the court thereafter revises or adds to the instructions, similar specific objection to the revision or addition may be made in the motion for new trial, and if not so made shall be deemed waived."

See Acts of the Regular Session, Sixty-fifth General Assembly, chapter 316 for the rule as amended.

Thus, a trial court had the power to revise or add to instructions, under old rule 196, even after argument to the jury. A "preliminary" draft connotes a preceding or preparatory draft, logically subject to revision into a better form if such is necessitated. Here, the court exercised its duty to instruct the jury on the applicable law after defense counsel argued the issue contrary to what the statute provided. The rule allowed this and logically so. The jury should not be deprived of a correct statement of law through a narrow and illogical interpretation of the sentence providing for submission of a preliminary draft of instructions to counsel under rule 196.

Defendant's contention is without merit.

II. The next issue presented for review concerns the propriety of the trial court's ruling permitting Agent Cooley to testify regarding a statement allegedly made by defendant that he was a drug dealer.

During the State's examination of Cooley the witness was asked, "Was there any further discussion in the car [with defendant] regarding the quantity or quality of the alleged marijuana that the defendant was offering you on the way to the bar?". Over defendant's objection that the question was irrelevant and immaterial and violated defendant's right of due process under amendment 14 of the federal constitution the witness was permitted to state:

"The defendant stated that he had been in the drug business for four to four and a half years and that this variety of marijuana wasn't so high. $20 wasn't too high because it was a good grade and high quality marijuana. It did not have garbage, he said, stems and other bulky substances in it; stated that it could be cut or additives added to it, thus making more volume, to assist me in selling it."

In motion for new trial defendant reasons the admission of the statement was erroneous because of his specific objections at trial and the evidence of other crimes denied him a fair trial and due process of law.

. Finally, the brief in a somewhat roundabout way concludes the evidence was irrelevant, immaterial and prejudicial because the evidence does not fall under any exception to the rule against admission of evidence of other crimes. See State v. Wilson, 173 N.W.2d 563, 566 (Iowa 1970); State v. Armstrong, 183 N.W.2d 205, 207 (Iowa 1971); State v. Wright, 191 N.W.2d 638, 639–642 (Iowa 1971); and State v. Hopkins, 192 N.W.2d 747, 748–751 (Iowa 1972).

Any error was preserved for review, since "the objections, 'irrelevant and immaterial,' when admissibility of evidence is challenged in the trial court on either of those grounds are sufficiently specific to raise the issue in this court." State v. Clay, 213 N.W.2d 473, 477 (Iowa 1973).

Notwithstanding the fact any alleged error was preserved, defendant's reasoning misses the point. The statement alleged to have been made is more in the form of an admission. The State did not prove specific crimes or similar transactions. The statement was for the purpose of demonstrating defendant's position and ability to know whether the marijuana was worth the asking price.

McCormick defines an admission, in the criminal context, as " * * * an acknowledgment of a fact or facts tending to prove guilt which falls short of an acknowledgment of all essential elements of the crime.

" * * * It is sufficient if it is an acknowledgment of a fact which, if true, tends to prove guilt or if the mere making of the assertion (without regard to its truth) tends to prove guilt." McCormick on Evidence, (Second Ed.), Confessions, section 144, p. 310.

In State v. Williams, 207 N.W.2d 98, 107–108 (Iowa 1973), it is said: "The extrajudicial statements of a party to the action, civil or criminal, may be used against him as a quasi-admission coming in as substantive evidence provided they exhibit the quality of inconsistency with the facts now asserted in his pleadings and in the testimony relied on by him. 4 Wigmore on Evidence (Third Ed.) section 1048; McCormick on Evidence (Second Ed.) section 262."

The statement is repeated in Wiles v. Myerly, 210 N.W.2d 619, 628 (Iowa 1973).

The admission of defendant as set out is certainly inconsistent with his plea of not guilty to the crime charged and serves to contradict his assertion he was not a drug dealer and the marijuana did not belong to him but to Ida Pena.

The admission constituted competent evidence which the trial court properly permitted the jury to consider. Defendant's assignment is without merit.

III. Defendant contends he should have been permitted to make an offer of proof to support his defense that marijuana is not a narcotic drug. The claimed error occurred during cross-examination of Donald Booton, a chemist for the Iowa Department of Agriculture, when defense counsel attempted to show marijuana is not "chemically" a narcotic. The trial court sustained the State's objection as to irrelevancy and immateriality on the ground the statute under which defendant was charged defined marijuana as a narcotic. The trial court then denied defendant's request to make an offer of proof out of the presence of the jury.

Later, however, as pointed out, in the cross-examination of Dennis Chapman, a chemist for the Iowa Criminalistics Laboratory, defense counsel elicited marijuana is not chemically a narcotic. Thus, the evidence defendant desired to introduce before was otherwise established and any error in denying defendant's initial attempt was made nonreversible. See State v. Clark, 187 N.W.2d at 721 and authorities cited.

In support of this contention defendant asserts his defense was based on a theory marijuana was not in fact a narcotic drug. He maintains the court by denying him an opportunity to make an offer of proof deprived defendant of his pursuit of this theory of defense. Defendant insists it was abundantly clear from the question objected to and from prior questions propounded by defendant that the matter sought to be elicited went to the issue of whether defendant had sold a narcotic drug. He cites in support of his position Hartwig v. Olson, 261 Iowa 1265, 158 N.W.2d 81.

The purpose of an offer of proof is to give the trial court a more adequate basis for its evidentiary ruling and to make a meaningful record for appellate review

since a reviewing court cannot predicate error upon speculation as to answers which would have been given to questions had objections thereto not been sustained. Grosjean v. Spencer, 258 Iowa 685, 695, 140 N.W.2d 139, 145; Kengorco, Inc. v. Jorgenson, 176 N.W.2d 186, 189 (Iowa 1970); Amsden v. Grinnell Mutual Reinsurance Co., 203 N.W.2d 252, 256 (Iowa 1972).

■ We agree with defendant that it was abundantly clear from the question objected to he was seeking to establish marijuana was not in fact a narcotic drug. In this circumstance, "the rule is that when it is apparent upon the face of the question what the evidence sought to be introduced is, and that it is material, this is sufficient. But when this is not apparent, then the party seeking to introduce the evidence is required to state what he expects to prove, and thus make its materiality appear. * * [citing authority] Here defendant's offer of the questions and answers was sufficient to indicate the materiality of the evidence." Hartwig v. Olson, 261 Iowa at 1271–1272, 158 N.W.2d at 85.

When this principle is applied to the facts disclosed by the record it becomes obvious an offer of proof was not necessary in order to preserve any alleged error arising from the trial court's ruling on the State's objection.

The trial court did not err either in its ruling or in its refusal of defendant's offer of proof.

Defendant's contention considered in this division is likewise without merit.

IV. Defendant asserts the "statutory presumption" created by section 204.-1(10)(c), The Code, 1966, and instruction 10, both of which define marijuana as a narcotic, deny due process under amendment 14.

The statute upon which the information was based, section 204.2, The Code, generally proscribed the manufacture, sale or possession of any narcotic drug. Defendant argues section 204.1(10)(c) classifying marijuana as a narcotic drug is so arbitrary, unreasonable and irrational and so wholly without a reasonable basis as to render the statute constitutionally defective.

The State insists defendant did not preserve the assigned error for review because he failed to demur to the information. In its brief, the State cites two decisions to support this contention: State v. Ramos, 260 Iowa 590, 597, 149 N.W.2d 862, 866, where this court stated the " * * * proper method of raising constitutional objection to the information is by demurrer, * * * [citing authority]" and State v. Lavin, 204 N.W.2d 844, 849 (Iowa 1973), where the court also speaks in terms of demurrers to informations.

During trial, defendant moved for a directed verdict at the end of the State's evidence but the motion was not based upon any constitutional grounds. At the end of all evidence defendant again moved for a directed verdict on grounds marijuana is not a narcotic as defined by the statute, thus conviction would deny due process under amendment 14 because the legislature cannot arbitrarily define marijuana as a narcotic when it chemically is not. Finally, in his motion for new trial, defendant asserted since marijuana is not a narcotic and the statute defines it as such, the statute is unconstitutional in its irrational classification, denying defendant due process of law.

■ Ordinarily, matters not raised in the trial court, including constitutional questions, cannot be effectively asserted for the first time on appeal. State v. Pardock, 215 N.W.2d 344, 349 (Iowa 1974). Furthermore, the constitutionality of a statute may not be considered on appeal where ruling by the trial court on the constitutionality was not invoked. State v. Russell, 216 N.W.2d 355, 356 (Iowa 1974); State v. Tokatlian, 203 N.W.2d 116, 120 (Iowa 1972) and authorities cited in these opinion.

There is no argument defendant did not demur to the information. The problem is whether defendant preserved the assigned error by motion for directed verdict made at the close of all evidence.

■ The State takes the position that a constitutional challenge to a statute is waived if not raised by a demurrer. To sustain this position this court would have to hold that demurrer is in all cases the exclusive method of challenging the constitutionality of a statute. Although this court has said that by the great weight of authority and better reasoning the constitutionality of a statute under which a party is charged with a crime *may* be raised by demurrer, Chicago & N. W. Ry. Co. v. Fachman, 255 Iowa 989, 992, 125 N.W.2d 210, 212, we do not believe it would be a sound rule to hold that demurrer is the only method by which to raise the constitutionality of a statute in all situations.

■ We believe a better rule would be . that in order to preserve for review any alleged error in ruling on the constitutionality of a statute, the party challenging the statute must do so at the earliest available opportunity in the progress of the case.

■ The information in the present case was filed October 29, 1970. The information specifically charged defendant with selling a narcotic drug, to wit: marijuana, contrary to section 204.2, The Code, 1966. Minutes of testimony attached to the information told defendant, Booton, a state chemist, would testify that "marijuana is a narcotic drug."

Defendant was arraigned November 4, 1970. Trial commenced May 1, 1972. In the months that intervened defendant made no attack on the constitutionality of this statute until motion for directed verdict at the close of all evidence.

It does not seem logical that a party can sit idly by for such a period, permit the State to introduce all its evidence and then for the first time at the conclusion of the evidence challenge the statute as constitutionally defective. It cannot be said that this point was the earliest available opportunity in the progress of the case to make the challenge.

We therefore hold defendant failed to preserve any error for review under this assignment.

The case is therefore—affirmed.