**STATE of Iowa, Appellee,**

v.

**James MONTGOMERY, Appellant.**

**No. 58133.**

Supreme Court of Iowa.

June 30, 1976.

S. J. Petersen, Muscatine, for appellant.

Richard C. Turner, Atty. Gen., Raymond W. Sullins, Asst. Atty. Gen., Des Moines, and David W. Newell, County Atty., Muscatine, for appellee.

Submitted to REYNOLDSON, Acting C. J., and MASON, RAWLINGS, REES and HARRIS, JJ.

REES, Justice.

In this appeal defendant James Montgomery attempts to present for our determination two arguments against the constitutionality of § 204.410, The Code, 1973, as that statute existed at the time of his trial and conviction [before our decision in *State v. Monroe*, 236 N.W.2d 24 (Iowa 1975)]. We must affirm because he failed to raise in the trial court the issues he now asserts.

Defendant was charged by county attorney's information in Muscatine County with conspiring to deliver a controlled substance, to-wit: cocaine, in violation of § 204.401(2), The Code, 1973. He entered a plea of not guilty. On December 11, 1974, defendant was found guilty by jury verdict of the crime charged. An "accommodation" hearing pursuant to Code § 204.410 was had on January 27, 1975, after which trial court declined to sentence defendant as an accommodation offender. Defendant was sentenced to imprisonment in the Men's Reformatory at Anamosa for a period not to exceed 10 years. This appeal followed.

Defendant asserts (1) Code § 204.410 is unconstitutional in that it purports to obviate the requirement that the State must prove beyond a reasonable doubt every fact necessary to constitute the crime charged, and (2) Code § 204.410 is unconstitutional because it fails to provide explicit standards for the determination of when an accommodation sale is made, so that its vagueness allows arbitrary and discriminatory enforcement.

We consider these claims in reverse order.

I. With regard to defendant's second assertion on appeal, it is clear defendant did not raise the issue in trial court. In numerous decisions we have held that issues not raised in the trial court, including constitutional questions, cannot be effectively asserted for the first time on appeal. See, e. g., *State v. Greene*, 226 N.W.2d 829, 832 (Iowa 1975). Furthermore, the constitutionality of a statute may not be considered on appeal when ruling by the trial court on the constitutionality was not invoked. *Id.*; *State v. Ritchison*, 223 N.W.2d 207, 213 (Iowa 1974) and citations. These principles are dispositive of defendant's second issue stated for review. Accordingly, we will not consider it for the first time here.

II. The same principles are ultimately applicable to defendant's first issue stated for review. The issue was not raised in trial court. However, subsequent to de-

598

fendant's trial we decided *State v. Monroe, supra,* in which we held Code § 204.410 unconstitutional because it shifted the burden to defendant to demonstrate his delivery of a controlled substance was not an accommodation. By expunging the constitutionally offensive language and reading into the remainder constitutionally mandated principles, we were able to salvage a portion of the provision.

Although defendant did not raise below the issue we subsequently decided in *Monroe,* he asserts he should, nonetheless, be able to urge the question on appeal and thereby take advantage of the change of law accomplished in that case. In this regard, he relies on *State v. Wisniewski,* 171 N.W.2d 882 (Iowa 1969). In *Wisniewski* we allowed the defendant the benefit of a change of law relating to the burden of proof as to alibi defense even though he failed to raise the issue in trial court. The change of law in that instance was accomplished in *State v. Galloway,* 167 N.W.2d 89 (Iowa 1969), more than a year after Wisniewski's trial.

Our decision in *Wisniewski* is of no benefit to the defendant here. In Division III of our opinion in *State v. Leonard,* 243 N.W.2d 75 (filed May 19, 1976), we rejected the same argument defendant makes here. We there distinguished *Wisniewski* and reiterated our limitation of the retroactive effect of *Monroe* to cases in which error had been properly preserved at trial.

No further discussion is necessary. Put simply, defendant's failure to raise below the issues he asserts on appeal has left us nothing to review. Accordingly, trial court must be affirmed.

AFFIRMED.